*262 OPINION of the Court, by
Ch. J. Boyle.
The plaintiff in error brought his bill te compel the defendants to setoff a judgment obtained by him against £}jesn as executors of William Todd, deceased, upon a
V* here the executor has disbursed the whole of the aiTcts, equity will not make the executor anfweraMe upon a verbal a~ grees ertt to let off the demand accruing to him as executor a-gainü: a debt due from the teftator.
ejier.vwt executed by Todd in his lifetime, against a ^udiyntnt obtained by them against him upon a bond !-x~i iitcd to them as executors, since the death of said Todd ; in which he alleges that the bond on which they had obtained a judgment was given by him for property purchased of the executors of the estate of I’odd ; that at the time he made the purchase he held Todd's deed of covenant, upon which he afterwards pros' cosed suit and obtained a judgment ; that it was •iguM between him and the executors that he should be allowed the amount due from Todd to him as a set-off lo tile bond he had given them, when a final settlement should be made ; that they had refused either to pnv the amount of his judgment or allow it by way of ■setoff against theirs. The answer denies the agreement that one demand should be setoff against the other, and states that they had fully administered the estate of their testator at the time the plaintiff instituted his suit at law.
On ,-⅜ final hearing the inferior court dismissed the full with costs, to which the plaintiff prosecutes this writ of error.
Considering this case abstracted from the agreement yet forth in the bill, that one debt should be setoff against dir other, the decree of the circuit court is evidently i «irrect for.it is a well settled principle, that where an ttet u'.or sues for a cause of action arising after the 'J.-.dh of the testator, the defendant cannot setoff a debt lav to him front the deceased in his lifetime — Willis 103, Burton vs. Chinn’s adm’r. Hard. 252. For if sets-off oí that nature were permitted, it would frequently aiur the course of distribution, and subject the executors to a devastavit, as by that means debts of an inferior dignity would be frequently discharged before debts ni a superior degree.
Considering this cause with referenee to the agreement, the case will not be altered. The agreement was by parol, and cannot bind the executots to pay the debt out of their own estate ; it could only bind the estate of their testator, and not then, unless there was sufficient to pay all the debts of a superior or equal dignity. When this promise should have been made, the estate was insufficient for the payment of the debts,; the promise then was without consideration, and such *264 as a court of chancery will not enforce. The defendants, as appears from the proof in this cause, have paid debts of their testator to a much larger amount than the assets which have come to their hands, and had at the time the plaintiff commenced his action at law actually disbursed the whole amount of assets, except £l 11s 6r/, as appears by the verdict of the jury. There is no principle of morality upon which the circuit court could have decreed one judgment to have been setoff against the other ; for the defendants having advanced more than they had assets in their hands, became creditors to that amount: as the law had given them the advantage, their equity being equal, a court of chancery could not interfere.-Decree affirmed.